FILED

9:38 am, 9/9/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>SKILS'KIN,<br><br>    Defendant. | Case No.  21-CV-00185-F |

### ORDER GRANTING MOTION TO ENTER CONSENT DECREE

This matter comes before the Court on the parties' joint motion to enter consent decree (ECF No. 41) in connection with their notice of settlement (ECF No. 38). The consent decree proposes among other things for the Court to retain jurisdiction for enforcement thereof for two years.

> Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest. The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved.

*United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991). *See also Wolf Res., LLC v. Derner,* No. 19-CV-00515-CMA-MEH, 2019 WL 3550912, at *2 (D. Colo. Aug. 5, 2019).

For the reasons stated in the parties' joint motion, the Court finds the consent decree is fair, reasonable, and equitable, not the product of collusion, and does not violate the

public interest. The parties represent the consent decree is the result of several rounds of arms-length negotiations between the parties. It does not establish liability on Defendant's part. It includes relief to Bryan Wheels, the former employee of Defendant, and certain injunctive and other relief for the time periods stated in the decree. The Court therefore GRANTS the motion for entry of the consent decree. Upon said entry, this case is DISMISSED WITH PREJUDICE subject to the terms of the consent decree.

    Dated this 9th day of September, 2022.

*/s/ Nancy D. Freudenthal*
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE