**FILED**

*9:40 am, 9/9/22*

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| vs. | Case No.  21-CV-00185-F |
| SKILS'KIN, | |
| Defendant. | |

## CONSENT DECREE

## I. RECITALS

1.      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Skils'kin violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII") by subjecting Bryan Wheels to a hostile work environment because of his race, discharging him because of his race, and retaliating against him for making complaints of discrimination based on race. Skils'kin generally denies EEOC's allegations, and the execution of this Decree shall not be construed as an admission of fault by Skils'kin.

2.      The EEOC and Skils'kin, desiring to settle this action by an appropriate Decree, agree to the jurisdiction of this Court over the Parties to the Decree and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree fully enforceable under its terms.

3.      As to the issues resolved, this Decree is final and binding upon the Parties to the Decree and their successors and assigns. The EEOC and Skils'kin jointly request this Court to adjudge as follows:

**THEREFORE**, upon the consent of the Parties to the Decree, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

## II. JURISDICTION

4.      The EEOC and Skils'kin stipulate to the jurisdiction of the Court over the Parties to the Decree and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

5.      **Term:** The Term of this Decree and all obligations hereunder shall be two (2) years from the date that the Court signs this Decree, with the exception of the Injunctive Relief Provided in Section VII.A. below, for which the term shall be one (1) year from the date that the Court signs this Decree. The geographic scope of this Decree shall apply to Skils'kin's employment locations in Wyoming, including human resources and administrative or executive

staff with responsibility for employees and locations in Wyoming. During the term of the Decree, this Court shall retain jurisdiction of this cause for purposes of compliance and any disputes that may arise hereunder.

## IV. ISSUES RESOLVED

6. This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from Charge of Discrimination Number 32K-2018-00050, filed by Bryan Wheels, and the Letter of Determination issued to Skils'kin.

7. The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Skils'kin.  During the term of this Decree, Skils'kin and any successors of Skils'kin shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Skils'kin during the term of this Decree or to any successor of Skils'kin, prior to the effectiveness of any such asset sale, acquisition, or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## V. MONETARY RELIEF

8. To resolve these claims, Defendant shall pay a total of $100,000.00 to Bryan Wheels, allocated as follows: (a) as backpay in the amount of $40,500.00 and (b) as non-pecuniary compensatory damages in the amount of $59,500.00.  Payments designated backpay shall be reported on a timely-issued IRS Form W-2.  Defendant shall be responsible for paying its share of payroll taxes for backpay, withholding applicable payroll taxes owed by the payee, and paying such withheld taxes to the appropriate taxing authorities. Payments designated as non-pecuniary compensatory damages shall be reported on a timely issued IRS Form 1099 by Defendant and shall not be subject to withholdings.

9. The parties agree the Consent Decree does not establish liability on the part of Skils'kin.  The Consent Decree and its terms, including the payment of monetary relief and imposition of non-monetary relief, are not an admission of liability, unlawful conduct, or a violation of law by Skils'kin, which Skils'kin denies.

10. Skils'kin will not condition the receipt of monetary relief upon Mr. Wheels' agreement to (a) maintain as confidential the facts and/or allegations underlying the complaint and the terms of this Decree; (b) waive his statutory rights to file a charge with any governmental agency; or (c) agree to a non-disparagement and/or confidentiality agreement.

11. No later than ten (10) business days after the Court signs this Decree, Skils'kin shall direct deposit payment to Bryan Wheels' account as specified in a form authorizing ACH payment, completed by Mr. Wheels and provided to Skils'kin.

12. Within three (3) business days after the payment is sent, Skils'kin shall submit to the EEOC confirmation of the payments issued.

## VI. OTHER INDIVIDUAL RELIEF

13. Within ten (10) calendar days after the date the Court signs this Decree, Skils'kin will provide Bryan Wheels with a letter of reference in the form attached as Attachment A.

## VII. EQUITABLE RELIEF

### A. *Injunctive Relief*

14. Skils'kin and its officers, agents, successors, management (including supervisory employees), and other persons in active concert or participation with it, or any of them, are enjoined for one (1) year from the date that the Court signs this decree from engaging in any employment practice which discriminates on the basis of race, including racial harassment.

15. Skils'kin and its officers, agents, successors, management (including supervisory employees), and all other persons in active concert or participation with it are enjoined for one (1) year from the date that the Court signs this decree from engaging in reprisal or retaliation against a current or former employee for making any complaint of race discrimination or for any participation in this action, including the underlying charge of discrimination.

### B. EEO Policy Review

16. Within sixty (60) days after the Court signs this Decree, Skils'kin shall, in consultation with an outside consultant and/or legal counsel experienced in the area of employment discrimination law ("Consultant"), review its current policies, update if necessary, and ensure conformance with existing law.

17. Any existing, updated, or created written policies required under Paragraph 16 above must include, at a minimum:

    17.1. A commitment to preventing unlawful race discrimination;

    17.2. A definition of race discrimination, including harassment because of race;

    17.3. A statement that race discrimination, including race harassment, is prohibited and will not be tolerated;

    17.4. An encouragement of persons who believe that they have been subjected to race discrimination, including race harassment, to report such concerns;

    17.5. The identification of specific individuals, with telephone numbers and email addresses, to whom employees can report concerns about race discrimination, including race harassment;

    17.6. An explanation of the steps an employee can take to report race discrimination, including race harassment, which must include the options of either an oral or written complaint;

    17.7. An assurance that Skils'kin will investigate allegations of unlawful race discrimination, including race harassment, and that such investigation will be prompt, fair, and reasonable;

    17.8. A description of the consequences, up to and including termination, that will be imposed upon violators of Skils'kin's race discrimination policies;

    17.9. A statement of confidentiality under the law for persons who report unlawful race discrimination, including race harassment, or who participate in an investigation into allegations of race discrimination, including race harassment; and

    17.10. An assurance of non-retaliation for persons who report in good faith unlawful race discrimination, and for witnesses who provide good faith testimony or other assistance in the investigation(s) of such alleged discrimination.

18. Within thirty (30) days after completion of the policy review and creation required under Paragraphs 16 and 17 above, the written EEO policies shall be posted in a prominent location

frequented by employees, at Skils'kin's Wyoming employment facilities and distributed to each current and newly hired employee. The written EEO policies shall be distributed to all new employees when hired.

### C. Training

19. For the two-year term of this Decree, Skils'kin shall train all of its personnel at its Wyoming location(s) about federal law prohibitions on race discrimination, including race harassment. This training shall include information on Title VII. The training may also include information about other laws prohibiting discrimination and harassment in the workplace and about Skils'kin's workplace diversity policies. All training under this Paragraph shall be at Skils'kin's expense. The training will be conducted as follows:

> 19.1. **Non-Supervisory Employees:** During the duration of this Decree, Skils'kin will provide non-supervisory employees at its Wyoming location(s) at least one (1) hour of training per year on the areas described above, and which must directly address race discrimination, including race harassment. The training under this Paragraph must be provided by qualified trainers with expertise in laws prohibiting harassment and discrimination, including Title VII, who may include Skils'kin's full-time HR staff or retained consultants or attorneys with appropriate expertise.
>
> 19.2. **Supervisory and Managerial Employees:** During the duration of this Decree, Skils'kin will require all individuals who work in a managerial capacity for Skils'kin at its Wyoming location(s) to receive at least three (3) hours of training per year on Title VII and other federal anti-discrimination laws. As to managers, this training will be incorporated into monthly managerial training scheduled during the course of each year. As to supervisors, the training will be provided as part of regularly delivered training to supervisors and/or in separate training sessions, or a combination of the two, provided newly hired or promoted supervisors receive the required training within thirty (30) days of hire or promotion. Half of these hours must directly

> address race discrimination, including race harassment, and retaliation. The training must cover proper methods for receiving and handling complaints of discrimination. In each of these training sessions, Skils'kin shall emphasize with managerial and supervisorial employees that due to their positions of power, such employees (a) must be particularly vigilant not to discriminate; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. The training under this Paragraph 19.2 must be provided by qualified trainers with expertise in laws prohibiting harassment and discrimination, including Title VII, who may include Skils'kin's full-time HR staff or retained consultants or attorneys with appropriate expertise.
>
> 19.3. Skils'kin agrees that the first such training session will take place within sixty (60) days after the Court signs this Decree. Skils'kin agrees that all of its personnel at its Wyoming location shall both register and attend the training sessions.

20. The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend and observe the sessions. Skils'kin shall provide the Commission with ten (10) days' notice, by email to the notice recipient designated in Section XII below, that a training session will be conducted, or alternatively, Skils'kin may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

### D. *Posting to Employees*

21. Skils'kin shall post and cause to remain posted in its Wyoming workplace(s) the posters required by EEOC regulation 29 C.F.R. § 1601.30.

22. Within fourteen (14) calendar days after the Court signs this Decree, Skils'kin shall post in each of its Wyoming workplace locations, in a conspicuous place frequented by

employees, the Notice attached as Attachment B to this Decree. The Notice shall be printed on yellow paper and no smaller than standard 8.5" x 11" letter size. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within fourteen (14) calendar days of entry of this Decree, that the Notice has been properly posted and shall provide recertification in each report required under the Reporting provisions (Paragraphs 25-26) of this Decree.

## VIII. RECORDKEEPING AND REPORTING

23. For the duration of this Decree, Skils'kin shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

    23.1. Personnel files;

    23.2. Payroll records, including but not limited to starting pay, raises, dates, and reasons reflecting these changes;

    23.3. Work schedules; and

    23.4. Records reflecting all oral and written complaints of discrimination, including but not limited to race discrimination, and all of the records documenting the investigation of such complaints, including applicable witness statements, documents compiled during the investigation, any conclusions and findings, and any corrective remedial actions taken; and

    23.5. Any records made regarding the postings required under Section VII.D.

24. Skils'kin shall provide annual reports for each year during the duration of this Decree. The reports shall be due thirty (30) days following the respective year, except the final report, which shall be submitted to the Commission six (6) weeks prior to the date on which the Decree is to expire.

25. **Requirements:** The report shall provide the following information:

    25.1. **Complaints of Race Discrimination**: All employee complaints of race discrimination known to Skils'kin supervisors, managers, human resources staff, or executives. This includes written or verbal complaints, even if the

employee(s) does not use legal or technical terminology.

25.1.1. The report shall include:

25.1.1.1. The name, address, email address, and telephone number of each person making a complaint of race discrimination to Skils'kin or to any federal, state, or local government agency;

25.1.1.2. The name, address, email address, and telephone number of each person identified as a potential witness and/or victim to the incident of race discrimination;

25.1.1.3. A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the race discrimination, Skils'kin's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

25.1.1.4. Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

25.2. **Training:** For each training program required under this Decree, and conducted during the reporting period, Skils'kin shall submit a registry of attendance and/or certificates of completion.

25.3. **Posting of Notice**: Skils'kin shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

26. Skils'kin shall certify to the Commission that the letter of reference required by Paragraph 13 of this Decree has been provided to Bryan Wheels.

27. Skils'kin shall comply with all recordkeeping obligations under the law prohibiting discrimination.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

28. This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

29. There is no private right of action to enforce Skils'kin's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

30. If Defendant fails to carry out its obligations under Section V. (Monetary Relief), Section VI. (Other Individual Relief), Section VII.A. (Injunctive Relief), Section VII.B. (Policy Review), Section VII.C. (Training), Section VII.D. (Posting) and/or Section VIII (Recordkeeping & Reporting), EEOC may petition this Court to enforce these affirmative obligations during the term in which this Court maintains jurisdiction over this action. Should the Court determine that Skils'kin has not complied with its affirmative obligations, appropriate relief may be ordered, including extension of this Decree for such period as may be necessary to remedy its non-compliance. Before bringing a petition to the Court, the EEOC shall notify Defendant in writing stating which provision(s) of the Decree the Defendant has failed to comply with and provide Defendant at least thirty (30) days to confer and cure any non-compliance.

31. Absent extension, this Decree including any and all obligations and/or rights conferred herein shall automatically expire by its own terms at the end of two (2) years from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

32. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

33. The EEOC may review Skils'kin's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Skils'kin's attorney of record at least thirty (30) business days in advance of any inspection of Skils'kin's documents or premises. Upon such notice, Skils'kin shall allow representatives of the EEOC to review its

compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises. Skils'kin has a right to have a representative present during the EEOC's inspections and interviews.

## XI.  **COSTS AND ATTORNEY'S FEES**

34. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  **NOTICE**

35. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Michael LaGarde
Trial Attorney
EEOC Denver Field Office
950 17th Street, Ste. 300
Denver, CO 80202
michael.lagarde@eeoc.gov

## XIII.  **SIGNATURES**

The Parties to this Decree agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 9th day of September, 2022.


BY THE COURT:

_____
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE

BY CONSENT:

Equal Employment Opportunity Commission

By: *Mary Jo O'Neill*
Mary Jo O'Neill
Regional Attorney

Date: 9/7/2022

Skils'kin

By: *Brian Behler*, CEO
Brian Behler
President and CEO

Date: 9/2/2022


APPROVED AS TO FORM:

*Michael LaGarde*
Michael LaGarde
Trial Attorney
EEOC Denver Field Office
950 17th Street, Ste. 300
Denver, CO 80202

Attorney for Plaintiff EEOC

*Daniela E. Pavuk*
Daniela E. Pavuk
John W. (Justin) Harkins IV
Crowley Fleck PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT 59103-2529

Attorney for Defendant Skils'kin

**ATTACHMENT A**

**<u>LETTER OF REFERENCE</u>**

To Whom It May Concern:

 Bryan Wheels was employed with Skils'kin from September 2015 until December 2017, variously in both our Kitchen Services and Grounds Crew operations. He was one of several seasonal employees who were laid off as part of our usual end-of-season workforce reduction. Mr. Wheels distinguished himself as a versatile and capable employee who performed his duties admirably while he worked for us.

Signed: _____
     Ian Graves
     Skils'kin Vice President, Human Resources

## ATTACHMENT B
## DISCRIMINATION BASED ON RACE IS ILLEGAL!

Under Title VII of the Civil Rights Act, <u>it is unlawful for an employer to discriminate against employees based on race</u>. Examples of unlawful actions include:

- harassing or permitting others to harass an employee based on their race (which can include 'jokes', slurs, name-calling, teasing, taunting);

- placing employees in less favorable positions because of their race;

- choosing to not retain or promote employees because of their race; and

- firing individuals because of their race.

Skils'kin does not discriminate against employees based on their race, and is committed to providing equal employment opportunity in all of its operations and in all areas of employment. Skils'kin seeks to ensure that there will be no race discrimination against any employee.

If you believe you or another employee have been subjected to any unlawful treatment because of race, please report the problem to our HR department. We will investigate any reported discrimination. We will not retaliate against any employee who reports possible discrimination.

### EEOC'S STATEMENT OF YOUR RIGHTS

<u>You have a legal right to report discrimination</u> to your employer, to the EEOC, or to your state's employment discrimination agency. I<u>t is illegal for an employer to retaliate against you for reporting</u> what you believe to be discrimination. You can contact the EEOC directly at 1-720-779-3610.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.

This Notice shall remain posted indefinitely but in any event no less than a term of two years from the below date.

By:_____  _____
                                                                    Date